FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 SEP 20  A 10: 09

CLERK J. LaVictoria
S. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DANIEL MARBACH,

    Petitioner,

vs.

FEDERAL BUREAU OF PRISONS;
FEDERAL CORRECTIONAL
INSTITUTION - JESUP; JOSE
VASQUEZ, Warden, and SCOTT
SCHLEDER, Disciplinary Hearing
Officer,

    Respondents.

CIVIL ACTION NO.: CV205-258

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Daniel Marbach ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). Respondents filed a Return on the Court's Order to Show Cause. On March 23, 2006, Marbach was released from custody. Respondents subsequently filed a Supplemental Return on Order to Show Cause. For the following reasons, the petition for writ of habeas corpus should be **DISMISSED**.

## STATEMENT OF THE CASE

Petitioner was sentenced to twenty-four (24) months' incarceration for Failure to Pay Legal Child Support Obligations in the District of South Dakota. (Gov. Ex. 1, p. 2). On February 3, 2005, Petitioner received an Incident Report and was placed in the Special Housing Unit ("SHU") for fighting with another inmate while incarcerated at the Federal

AO 72A
(Rev. 8/82)

Correctional Institution in Tallahassee, Florida. (Doc. No. 1, p. 2). Petitioner asserts that the Unit Disciplinary Committee ("UDC") conducted a hearing on the matter but failed to provide him with a copy of its decision to refer the matter to a discipline hearing officer ("DHO") for disposition. On February 9, 2005, Petitioner was transferred to FCI Jesup and placed in the general population. On March 1, 2005, Petitioner was summoned to attend a disciplinary hearing before the DHO at FCI Jesup. Petitioner was found to have committed the offense of fighting as alleged and was sanctioned to a disallowance of twenty-seven (27) days good conduct time. (Pl.'s Ex. B, p. 2-3).

Petitioner contends that the DHO's determination that he committed the prohibited act of fighting was erroneous, and that his actions during the incident at FCI Tallahassee were only "to protect himself from a hostile attack." (Doc. No. 1, p. 7). Petitioner alleges that the Bureau of Prisons ("BOP") failed to timely respond to his appeal. (Id. at 6). Petitioner further alleges that the DHO at FCI Jesup failed to give him adequate notice of his hearing and that he received an untimely report of the DHO's decision. (Id. at 6-7). Petitioner also asserts that the DHO failed to consider certain relevant evidence and erroneously considered inaccurate facts in making his determinations. (Id. at 7). Finally, Petitioner contends that the BOP arbitrarily delayed his ability to seek habeas corpus relief for eleven (11) months. (Id.).

In their Return on Order to Show Cause, Respondents initially alleged that Petitioner was afforded all of the constitutionally required protections of due process throughout the proceedings relating to the fighting incident at FCI Tallahassee. (Doc. No. 12, p. 8-15). However, because Petitioner was subsequently released from custody, Respondents now contend that his petition should be dismissed as moot. (Doc. No. 18).

2

## DISCUSSION AND CITATION TO AUTHORITY

The jurisdiction of the federal courts to entertain a petition for habeas corpus hinges on whether the petitioner's challenge is moot. Article III, Section 2 of the Constitution requires a live case or controversy, meaning that throughout the litigation, the petitioner must have "suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S. Ct. 1249, 1253, 108 L. Ed. 2d 400 (1990). Where an incarcerated petitioner challenges his confinement, this case or controversy requirement is always met because incarceration itself constitutes actual injury. Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 983, 140 L. Ed. 2d 43 (1998). "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration of parole - some "collateral consequence" of the conviction - must exist if the suit is to be maintained." Id. The Supreme Court has previously been willing to presume that such collateral consequences remain after the expiration of a petitioner's sentence where it is the legality of the conviction that is challenged. Cafaras v. LaVallee, 391 U.S. 234, 237-238, 88 S. Ct. 1556, 1559, 20 L. Ed. 2d 554 (1968); Sibron v. New York, 392 U.S. 40, 55, 88 S. Ct. 1889, 1898, 20 L. Ed. 2d 917 (1968). However, where a petitioner is challenging only the legality of his sentence, rather than the underlying conviction itself, this presumption no longer applies. Lane v. Williams, 455 U.S. 624, 632, 102 S. Ct. 1322, 1327, 71 L. Ed. 2d 508 (1982); Spencer, 523 U.S. at 14, 118 S. Ct. at 986. Release from custody renders the habeas action moot unless the petitioner can show the existence of some collateral consequences arising upon the expiration of his sentence. Spencer, 523 U.S. at 14, 118 S. Ct. at 986.

In the instant case, Petitioner sought to obtain the return of good time credit to his sentence. He challenged only the legality of his sentence, not the underlying conviction for which he was incarcerated. Because his sentence has now fully expired, there is no longer a live case or controversy to be litigated in this Court. A decision on the merits in Petitioner's favor would entitle him to no additional relief, and thus he no longer has a personal stake in the outcome. Petitioner is not threatened with any actual injury that could be redressed by a favorable judicial decision. See Lewis, 494 U.S. at 477, 110 S. Ct. at 1253. There are no civil disabilities which flow from the erroneous disallowance of good time credit, and Petitioner has failed to assert any collateral consequences or give any reason why his petition should not be dismissed as moot. Accordingly, Petitioner is not entitled to the requested relief because his petition has been rendered moot by his release.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED and RECOMMENDED**, this 20 day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)